In re KIRIAN & SMITH, INC., Debtor.

LARRY'S INDUSTRIES, INC., Plaintiff,

v.

ABCO ICE CREAM & YOGURT, Defendant.

LARRY'S INDUSTRIES, INC., Plaintiff,

v.

ABCO ICE CREAM ADVERTISING, INC., Defendant.

LARRY'S INDUSTRIES, INC., Plaintiff,

v.

ABCO ICE CREAM, INC., a Delaware Corp., Defendant.

LARRY'S INDUSTRIES, INC., Plaintiff,

v.

KIRIAN & SMITH, INC., Defendant.

LARRY'S INDUSTRIES, INC., Plaintiff,

v.

ABCO ICE CREAM, INC., a Florida Corp. Defendant.

Bankruptcy No. 90–13219–8P7.

Adv. Nos. 91–196 and 91–201 to 91–204.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 1, 1992.

Catherine F. Mills, Tampa, Fla., for Larry's Industry, Inc.

Allen R. Mass, AT & T, Atlanta, Ga., for AT & T.

Leslie E. Joughin, III, Lawson, McWhirter, Grandoff & Reeves, Tampa, Fla., for Air Centers of FL.

Philip S. Dingle, Hill, Ward & Henderson, Tampa, Fla., for Ausec & Cheney Group.

Lonnie L. Simpson, Baynard, Harrell, Mascara, Ostow & Ulrich, St. Petersburg, Fla., for Abco Ice Cream, Inc., Abco Ice Cream & Yogurt, Inc., Abco Advertising, Inc., Baynard, Harrell, Mascara & Ostow, P.A., Dante Moscone, Kurian & Smith, Inc., Roger Kumar, Jr., Roger Kumar Revocable Trust, and Roger Kumar, Jr. Irrevocable Trust and Bina Kumar Irrevocable Trust.

M.A. Galbraith, Jr., City Atty., City of Clearwater, Clearwater, Fla., for City of Clearwater.

Thomas H. McLain, Jr., Fisher & Sauls, P.A., St. Petersburg, Fla., for Citizens and Southern Nat. Bank.

Thomas V. Askounis, Coston, Lande & Sapir, Chicago, Ill., for Clark Foods.

Douglas R. Gardner, Tax Collector's Office, Tampa, Fla., for Melvin B. Smith, Tax Collector.

Jesse V. Dominguez, Tampa, Fla., for Nebraska Printing & Lithograph Co., Inc.

Dominic J. Baccarella, Tampa, Fla., for Kalupa's Bakery, Inc.

Steven Carta, Peper, Martin, Jensen, Maichel & Hetlage, Fort Myers, Fla., for News–Press Pub. Co., Inc.

Matthew D. Ellrod, Allgood, Misemer, Ellrod & Miller, P.A., New Port Richey, Fla., for R. Boyd Smith and Evelyn D. Smith.

Wilbur F. Pell, III, Chief Litigation Counsel, Kraft General Foods, Inc., Glenview, Ill., for Kraft General Foods, Inc.

Richard J. McKay, Hill, Ward & Henderson, P.A., Tampa, Fla., for McFlo Inv. Inc.

Mary E. Butterfield, Matear, Harbert & Bates, P.A., Orlando, Fla., for Sentinel Communications Co. a/k/a The Orlando Sentinel.

Steven H. Mezer, Clearwater, Fla., for Rentokil Supatimber, Inc.

Connell & Gibbs, Lake Geneva, Wis., for Yunker Industries, Inc., a/k/a Yunker Industries.

Charles A. Buford, MacPherson, Harper, Kynes, Geller, Watson & Buford, P.A., Clearwater, Fla., for Rutenberg Corp., as general partner of Tri–County Investments 3, Ltd., and Rutenberg Indus. Corp.

Mark J. Jahnke, Katz, Teller, Brandt & Hild, Cincinnati, Ohio, Agent, for Texo Corp.

Jary C. Nixon, Nixon and Nixon, Tampa, Fla., for The Tribune Co. d/b/a The Tampa Tribune.

Roy A. Diaz, Houchins & Stewart, P.A., Fort Lauderdale, Fla., for Westbrooke Apparel Corp.

William A. Borja, Clearwater, Fla., for Swaner Enterprises, Inc., M. Elizabeth Williams and Michael C. Williams.

Joel S. Lee, Milwaukee, Wis., for Enterprise Magazines, Inc., a/k/a The Franchise Handbook.

Andrew V. Showen, Foley & Lardner, Orlando, Fla., for UPS Truck Leasing, Inc., and United Parcel Service, Inc.

Johnson, Blakely, Pope, Borok, Ruppel & Burns, P.A. Clearwater, Fla., for Office Mart Holdings Corp. d/b/a Workplace.

Robert M. Abramson, Garry J. Alhalel, P.A., Miami, Fla., for The Miami Herald Pub. Co.

Shawn Harrison, Gibbons, Smith, Cohn & Arnett, Tampa, Fla., for Ward Oil Co., Inc.

David J. Tipton, Greene Schermer Green & Tipton, Bradenton, Fla., for Crossland Sav.

Emily Moore, Asst. Atty. Gen., Florida Dept. of Business Reg., Div. of Hotels and Restaurants, Tallahassee, Fla.

David A. Rubin, Q.C., Gowling Strathy & Henderson, Toronto, Ontario, Canada, for GenPak Toronto and Hamelin Group, Inc.

William C. Guerrant, Jr., Dykema Gossett, Tampa, Fla., for Gold Cup Coffee Service, Inc.

Julian K. Dominick, Fishback, Dominick, Bennett, Stepter & Ardaman, Orlando, Fla., for Hinely Air Products, Inc.

V. James Dickson, Robbins Gaynor & Bronstein, P.A., St. Petersburg, Fla., for Dairy–Mix, Inc.

Fred R. Harwell, Jr., Davis & Harwell, P.A., Winston–Salem, N.C., for Fairchild Indus. Products Co.

Benjamin P. Reese, II, Dominik, Stein, Saccocio, Reese, Colitz & Van Der Wall, Tampa, Fla., for Dominik, Stein, Saccocio.

Christine Richards, Federal Express Corp., Memphis, Tenn., for Federal Express Corp.

Lorin H. Albeck, Tampa, Fla., for GTE Florida Inc.

## ORDER ON ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE procedurally consolidated adversary proceedings which are pending in the Defendants' Chapter 7 cases. The matter under consideration is a fee application filed by Larry's Industries, Inc. (Larry's), the Plaintiff in the above-captioned adversary proceedings, seeking reimbursement of attorneys' fees and costs of the law firm of Rudnick & Wolfe (Law Firm) which represented the Plaintiff in the interpleader action. A brief discussion of the relevant facts will help to put the matter under consideration in proper focus.

In October, 1990, prior to the commencement of these Chapter 7 cases, Larry's purchased all assets of the Debtors who are the defendants named in these adversary proceedings commenced by Larry's. The purchase of the assets fell within the purview of Chapter 676 of the *Fla.Stat.* governing bulk transfers. Pursuant to *Fla.Stat.* Chapter 676, Larry's commenced an interpleader action in the Circuit Court in Hillsborough County in order to ensure that it will be protected against claims of creditors of the sellers, i.e., the Debtors. Upon filing its interpleader, Larry's deposited a portion of the purchase price into the registry of the Circuit Court.

On December 31, 1990, each of the sellers filed a their respective Petitions for Relief under Chapter 7 of the Bankruptcy Code. The interpleader action was removed to this Court so that all the issues could be resolved in one forum. After the interpleader action was removed to the Bankruptcy Court, Larry's filed a Motion for Summary Judgment seeking an Order declaring in part that Larry's has complied with all the provisions of the Bulk Transfer Statute and therefore should be discharged and absolved of all liability for the debts of the sellers, that is the Debtors in these cases; enjoining the Debtors from commencing or pursuing any action against

Larry's; decreeing that Larry's has acquired the assets of the Debtors free and clear of all claims against the Debtors; directing Larry's to deposit the purchase price of the assets into the registry of this Court or as otherwise directed; and authorizing Larry's to recover attorneys' fees from the interpleader funds. This Court found that there were no genuine issues of material facts and that Larry's was entitled to judgment as a matter of law. Pursuant to F.R.B.P. 7056, this Court granted Larry's Motion for Summary Judgment in part and took under advisement the issue of reimbursement of fees and expenses incurred by Larry's for services rendered by the Law Firm in connection with the interpleader action.

It is the contention of the Law Firm that it is entitled to recover the entire amount of attorneys' fees from the interpleader fund because as a matter of contract, the Debtors collectively agreed that counsel fees should be paid out of the purchase price. Thus, Larry's contends that the fees awarded to its attorneys are not part of the bankruptcy estates, even if it is determined that the balance held in escrow is part of the Debtors' estates. In contrast, the Trustee argues that while Larry's has a claim against the Debtors' estates for expenses incurred pre-petition, Larry's claim is only an unsecured claim and should be ranked as such. Further, the Trustee argues that all post-petition fees sought by Larry's should be disallowed.

Roger Kumar, et al., (Kumar), creditors of these Debtors, contend that the fees sought by Larry's are not reasonable and should be limited by § 1.8 of the Asset Purchase Agreement, and that any fees awarded to Larry's should be classified as a general unsecured claim. Kumar argues that § 1.8 of the Asset Purchase Agreement provides that only fees relating to the filing of the interpleader action are recoverable, and fees incurred in compliance with the Florida Bulk Sales Act are specifically excluded by § 1.8. Additionally, Kumar argues that the fees and expenses sought by Larry's constitute approximately 28% of the interpleader fund, an unreasonable amount in light of the fact that most creditors accepted service of process and

did not contest the interpleader action. Finally, Kumar argues that any claim Larry's has against the interpleader fund based on an award of attorneys' fees is merely a claim against the Debtors' Chapter 7 estates.

■ The threshold question to be resolved is whether the interpleaded funds initially placed in the registry of the Circuit Court, and then transferred to the registry of this Court, constitute property of the estate pursuant to § 541 of the Bankruptcy Code. Alternatively, the interpleaded funds may constitute property of the estate only to the extent there are excess funds available after satisfying creditors of the sellers, i.e., the Defendants in the Adversary Proceedings, and after paying the allowed attorney fees of the Law Firm.

Section 541(a) of the Bankruptcy Code provides that the debtor's estate includes all property, with certain exceptions, in which the debtor has a legal or equitable interest as of the commencement of the case. 11 U.S.C. § 541(a)(1). This Court is satisfied that the Debtors in these cases did have an interest in the interpleaded funds prepetition. The simple fact that the interpleaded funds were placed into the Court registry or into an escrow account does not imply that the funds are not property of the Debtors' estates. See In re Armstrong, 56 B.R. 781 (W.D.Tenn.1986), citing, NLT Computer Services v. Capital Computer Systems, 755 F.2d 1253, 1263 (6th Cir.1985).

■ While the Court recognizes that Larry's is entitled to reimbursement of attorneys' fees from the interpleaded funds based on the contract between Larry's and the Debtors, Larry's is no different than any other unsecured creditor with a prepetition claim based on a contract right. This is the case notwithstanding the fact that the Debtors agreed that Larry's attorneys' fees should be paid out of the interpleaded funds.

■ From all this, it follows that to the extent Larry's seeks a reimbursement for attorney's fees it is required to pay to the Law Firm for its services, the claim is

nothing more than a general unsecured claim to the extent the attorney's fees are related to services rendered by the Law Firm prepetition. On the other hand, to the extent the fees sought relate to services rendered by the Law Firm postpetition, this claim should be accorded administrative priority under § 503(b)(1)(A) as actual necessary costs and expenses of preserving properties of the estate.

This leaves for consideration the determination of the proper award of fees and expenses to which Larry's is entitled for payment to the Law Firm for its services rendered in connection with the interpleader action. The Law Firm filed a supplemental fee application seeking an award of attorneys' fees in the amount of $38,217.75, and a reimbursement of expenses and costs incurred in the amount of $5,147.28 for services rendered on behalf of Larry's in connection with the interpleader action during the time period from October 15, 1990 through June 25, 1991.

As noted earlier, Larry's seeks an award of fees in the amount of $38,217.75 and a reimbursement of expenses in the amount of $5,147.28 incurred by the Law Firm, for a total award of $43,365.03. The services were rendered and expenses incurred between October 15, 1990 and June 25, 1991. The Debtors filed their Petitions of Relief under Chapter 7 of the Bankruptcy Code on December 31, 1990. Approximately $20,000 of the fees and $852.59 in costs are attributable to prepetition services rendered and costs incurred by the Law Firm. Thus, this Court is satisfied that the Law Firm has a prepetition claim in the amount of $20,852.59, which claim is a general unsecured claim to be paid on par with the other allowed unsecured claims.

As to the services rendered postpetition, Larry's seeks an award of fees for the Law Firm in the amount of $18,217.00. Additionally, Larry's seeks a reimbursement of costs incurred by the Law Firm postpetition in the amount of $4,294.69. In allowing the fees, this Court considered 11 U.S.C. § 330 and each of the factors which govern the reasonableness of fees as set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), which was made applicable to bankruptcy

cases in *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977). In reviewing the Supplemental Fee Application filed by the Law Firm, this court is satisfied that for postpetition services rendered and costs incurred, the Law Firm is entitled to an award of fees in the amount of $10,000.00 and a reimbursement of expenses in the amount of $4,294.69. This Court notes that there was little, if any, litigation involved in this interpleader action, and most of the creditors accepted service of process and did not contest the interpleader action. In this Court, there was one pretrial conference, and a hearing on the Motion for Summary Judgment. In sum, this Court finds that $18,217 is an excessive fee for postpetition services rendered by the Law Firm in this interpleader action, and that it is appropriate to award only a portion of the fees sought in connection with this interpleader action.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application is hereby approved in part and Larry's has a prepetition unsecured claim in the amount of $20,852.59 which is to be divided equally among the Debtors' Chapter 7 cases. It is further

ORDERED, ADJUDGED AND DECREED that Larry's is entitled to an administrative expense pursuant to § 503(b) of the Bankruptcy Code in the amount of $14,294.69, which is to be divided equally among the Debtors' estates, based on fees for services rendered and costs incurred in connection with the filing of the interpleader action by the Law Firm on behalf of Larry's Industries, Inc.

DONE AND ORDERED.